**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| REPEAT PRECISION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-cv-104 |
| | § | |
| DYNAENERGETICS EUROPE GMBH, | § | JURY TRIAL DEMANDED |
| and DYNAENERGETICS US, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DOCUMENT FILED UNDER SEAL**

Motion to Exclude Validity and Infringement Opinions of Dyna's Expert Mr. John P. Hughett

# TABLE OF CONTENTS

I.      Summary of the Argument.................................................................................................1

II.     Background ...................................................................................................................4

III.    Legal Standard .............................................................................................................4

IV.     Argument .....................................................................................................................4

        A.      Dyna should not be allowed to remedy its failure to disclose the
                HypoSets and its invalidity contentions under 35 U.S.C. §§ 112(a) and
                103 during fact discovery.......................................................................................5

                1.      Dyna cannot remedy its failure to disclose the HypoSets...........................5

                2.      Dyna cannot remedy its failure to disclose its invalidity
                        contentions under 35 U.S.C. §§ 112(a) and 103. .........................................8

        B.      Mr. Hughett's opinion as to whether third party alternatives were
                available to Dyna's customers is irrelevant. ........................................................12

        C.      Dyna failed to carry its burden of showing that the HypoSets were
                available to it in 2020.............................................................................................12

        D.      Mr. Hughett should be disqualified as an expert because he does not
                possess the qualifications of a POSITA...............................................................16

V.      Conclusion ...................................................................................................................18

## TABLE OF AUTHORITIES

Cases

*Allergan, Inc. v. Teva Pharm. USA, Inc.*,
  2017 WL 1512334 (E.D. Tex. Apr. 27, 2017).............................................................7, 8, 11

*Astrazeneca AB v. Apotex*,
  985 F. Supp. 2d 452 (S.D.N.Y. 2013), *aff'd in relevant part*, 782 F.3d 1324
  (Fed. Cir. 2015)...............................................................................................................15

*AstraZeneca AB v. Apotex Corp.*,
  782 F.3d 1324 (Fed. Cir. 2015)........................................................................................2

*Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*,
  860 F. App'x 728 (Fed. Cir. 2021) ..................................................................................11

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
  2017 WL 5137401 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds*, 955
  F.3d 1317 (Fed. Cir. 2020)....................................................................................... *passim*

*Freeny v. Murphy Oil Corp.*,
  2015 WL 11108703 (E.D. Tex. May 29, 2015)..................................................................6

*Georgia–Pacific Corp. v. U.S. Plywood Corp.*,
  318 F.Supp. 1116 (S.D.N.Y.1970) ....................................................................................7

*Grain Processing Corp. v. Am. Maize-Prod. Co.*,
  185 F.3d 1341 (Fed. Cir. 1999)..................................................................................12, 14

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
  2020 WL 2499810 (E.D. Tex. May 14, 2020)....................................................................6

*Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*,
  22 F.4th 1369 (Fed. Cir. 2022) ............................................................................3, 16, 17

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  2011 WL 197869 (E.D. Tex. Jan. 20, 2011)........................................................2, 3, 13, 14

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009)..........................................................................................7

*L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*,
  2013 WL 7937026 (E.D. Tex. Oct. 11, 2013) ..................................................................12

*Micro Chemical, Inc. v. Lextron, Inc.*,
  318 F.3d 1119 (Fed. Cir. 2003)...................................................................................3, 15

*NCS Multistage v. TCO Products*,
    6:20-cv-00622-ADA, Dkt. #271 (Aug. 25, 2022) (Albright, J.)............................................15

*Norman v. Grove Cranes U.S., L.L.C.*,
    750 F. App'x 269 (5th Cir. 2018) ...........................................................................2, 14

*Paz v. Brush Engineered Materials, Inc.*,
    555 F.3d 383 (5th Cir. 2009) ...............................................................................4, 16

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
    550 F.3d 1356 (Fed. Cir. 2008)........................................................................3, 4, 16

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013)...............................................................................13

*Texas A & M Research Found. v. Magna Transp.*,
    338 F.3d 394 (5th Cir. 2003) ..........................................................................1, 5, 10

*United States v. El-Mezain*,
    664 F.3d 467 (5th Cir. 2011) ...............................................................................2, 13

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*,
    2019 WL 3334563 (E.D. Mich. July 25, 2019) .............................................13, 14

Statutes

35 U.S.C. § 103................................................................................................ *passim*

35 U.S.C. § 112................................................................................................ *passim*

Other Authorities

Fed. R. Civ. P. 26.........................................................................................5, 6, 10

Fed. R. Evid. 701................................................................................................13

Fed. R. Evid. 702.........................................................................................3, 4, 16

I.    **Summary of the Argument**

Repeat Precision brings this motion to exclude the testimony on validity and infringement of John P. Hughett, DynaEnergetics Europe GmbH's and DynaEnergetics US, Inc.'s ("Dyna") expert.

*First*, Mr. Hughett's discussion of the hypothetical tools he refers to HypoSets should be stricken because they were not disclosed during fact discovery. As the name suggests, these are three hypothetical workaround designs for Dyna's accused product. Ex. 1 at 71-75 [Hughett Infringement Report]. Dyna has not yet developed these HypoSets. *Id.* In fact, at the time Mr. Hughett and Ms. Johnson—Dyna's damages expert—first learned of these hypothetical designs in November 2022, there were no prototypes or physical examples of these tools, much less a market-ready setting tool that had been successfully manufactured and tested thoroughly for reliability and safety. *See* Ex. 2 at 86 [Johnson Report].

Dyna disclosed these HypoSets for the first time in rebuttal expert reports on November 29, 2022, which was more than six weeks after the close of fact discovery on October 12. Order Granting Jnt. Mtn. for Entry of Revised Scheduling Order, 6:21-cv-00104-ADA, Dkt. #53 at 1 (W.D. Tex., Sept. 9, 2022). Because this violation of discovery rules prejudiced Repeat Precision and because Dyna did not provide an excuse, the evidence regarding the HypoSets must be excluded. *See Texas A & M Research Found. v. Magna Transp.*, 338 F.3d 394, 402 (5th Cir. 2003); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2017 WL 5137401, at *13 (E.D. Tex. Nov. 4, 2017), *rev'd on other grounds*, 955 F.3d 1317 (Fed. Cir. 2020).

Similarly, Dyna failed to timely disclose certain validity challenges under 35 U.S.C. §§ 103 and 112(a). These theories are not found in either Dyna's preliminary or final invalidity contentions. Nor has Dyna sought leave to amend those contentions as required by this Court's standing order. Indeed, these theories were not revealed to Repeat Precision until Mr. Hughett's

validity report of November 1, 2022, again after the October 12 close of discovery. Order Granting Jnt. Mtn. for Entry of Revised Scheduling Order, 6:21-cv-00104-ADA, Dkt. #53 at 1 (W.D. Tex., Sept. 9, 2022). These validity challenges should be stricken for the same reasons as the discussion of the HypoSets.

*Second*, to the extent Ms. Johnson (Dyna's damages expert) is relying on Mr. Hughett's analysis of whether third party alternatives were available to *customers*, this section of Mr. Hughett's report must be stricken. That inquiry is irrelevant for reasonable royalty calculations. The only relevant question is whether such alternatives were available to *Dyna*—an issue Ms. Johnson concedes she has no opinion on. *See AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1340-41 (Fed. Cir. 2015); Ex. 3 at 172:3-173:19 [Johnson Deposition].

*Third*, Dyna failed to carry its burden of proving that the HypoSets would have been "available" to it at the time of the hypothetical negotiation. *LaserDynamics, Inc. v. Quanta Computer, Inc.,* 2011 WL 197869, at *2 (E.D. Tex. Jan. 20, 2011). Mr. Hughett only provides a few conclusory sentences per each of the three HypoSets—based on his discussions with Mr. Thilo Scharf, a *lay* witness and Dyna's Employee. Ex. 1 at 56, 70-75. Although lay witnesses "may sometimes give opinions that require specialized knowledge . . . the witness must draw 'straightforward conclusions from observations informed by his own experience.'" *United States v. El-Mezain*, 664 F.3d 467, 512 (5th Cir. 2011). Mr. Scharf's testimony goes beyond such simple conclusions and strays into expert testimony as he opines on the complicated issue of developing setting tools. *See Norman v. Grove Cranes U.S., L.L.C.*, 750 F. App'x 269, 273 (5th Cir. 2018) (lay witness's testimony on a complex issue of crane design was insufficient to carry the plaintiff's burden of proof). Similarly, Ms. Johnson's sole source regarding the availability of these tools and the time and cost required for implementing the HypoSets is her one-hour interview with Mr.

Scharf. Ex. 2 at 2, 86-87; Ex. 3 at 28:14-22. In addition, Ms. Johnson cannot critically evaluate Mr. Scharf's opinions because she is trained as an accountant and not as an engineer. Ex. 2 at 1. Neither Ms. Johnson nor Mr. Hughett provides any expert opinion to suggest these HypoSets were available to Dyna in 2020 at the time of the hypothetical negotiation.

Mr. Scharf's testimony also fails to prove that the HypoSets were available to Dyna. *See LaserDynamics*, 2011 WL 197869 at *2. Mr. Scharf does not explain how exactly Dyna would have designed, developed, tested, tooled, programmed, and set-up these alternatives. Ex. 1 at 70-75; Ex. 2 at 86-87. ███████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████ Thus, Dyna did not carry its burden of showing that the HypoSets are anything but hypotheticals, let alone that they would have been available to it at the time of the negotiation.

*Finally*, Dyna did not carry its burden of demonstrating that Mr. Hughett possesses the qualifications of a POSITA. FED. R. EVID. 702; *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1361 (Fed. Cir. 2008). Dyna has not shown that Mr. Hughett has either the necessary education or the necessary experience in designing downhole tools, required under Dyna's definition of a POSITA. DynaEnergetics' Opening Claim Construction Brief, 6:21-cv-00104-ADA-DTG, Dkt. #28, at 7 (Oct. 6, 2021). Mr. Hughett's experience in other fields does not qualify him to testify on matters of infringement and validity from a POSITA's perspective in this case. *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369, 1376 (Fed. Cir. 2022) (striking an expert with "advanced degrees in engineering and extensive experience in the design

and manufacture of fastener driving tools" because he lacked experience designing powered nailers). Thus, Mr. Hughett does not meet the standard of Rule 702 and his testimony should be barred. FED. R. EVID. 702; *Sundance*, 550 F.3d at 1361.

## II.    Background

Repeat Precision accuses Dyna of infringing the claims of U.S. Patent No. 9,810,035 (the '035 Patent) by, for example, manufacturing, distributing, selling, and/or offering to sell the DS Microset disposable setting tool, a device used to set frac plugs to isolate various parts of oil and gas wells drilled in the earth's formations. Plaintiff's First Amended Complaint, 6:21-cv-00104-ADA, Dkt. #9 at 1, 4-5 (Feb. 5, 2021).

## III.    Legal Standard

Expert opinions are admissible only if they are relevant, "will help the trier of fact to understand the evidence or to determine a fact in issue," and are "the product of reliable principles and methods" that were "reliably applied" to "the facts of the case." FED. R. EVID. 702. Thus, "[t]he court, in its role as gatekeeper, must exclude expert testimony that is not reliable." *Sundance*, 550 F. 3d at 1364. Dyna must "prove by a preponderance of the evidence" that Ms. Hughett's opinions are admissible. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

## IV.    Argument

Parts of Mr. Hughett's testimony should be stricken because he (1) provides testimony whose factual basis has not been timely disclosed to Repeat Precision, (2) gives legally irrelevant opinions as to the availability of non-infringing alternatives to customers, and (3) fails to show that the HypoSets would have been available to Dyna at the time of the hypothetical negotiation. In addition, Mr. Hughett's report should be stricken entirely because he does not possess the qualifications of a POSITA.

4

### A.  Dyna should not be allowed to remedy its failure to disclose the HypoSets and its invalidity contentions under 35 U.S.C. §§ 112(a) and 103 during fact discovery.

Dyna failed to timely disclose information regarding the HypoSets and the details of its assertions that claims 1, 10, 18, and 19 are invalid for failure to meet the requirements of 35 U.S.C. §§ 112(a) and 103. Because these failures are not harmless, the evidence should be stricken.

Rule 26 requires a party to supplement its interrogatory responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1). And although expert theories need not be disclosed in response to interrogatories, the facts underlying those theories must be. *Ericsson*, 2017 WL 5137401, at *13. When a party fails to timely comply with its disclosure duties, the evidence must be stricken unless the violation is harmless. *Id.* In evaluating whether a violation of Rule 26 is harmless, the following four factors are considered: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Magna Transp.*, 338 F.3d at 402.

### 1.  Dyna cannot remedy its failure to disclose the HypoSets.

Because Dyna failed timely to disclose the three HypoSets first depicted in Mr. Hughett's and discussed in Ms. Johnson's reports on November 29, 2022 and to disclose how Dyna would have implemented them back in 2020, such evidence should be stricken. Ex. 1 at 72-74; Ex. 2 at 86-88. Repeat Precision's interrogatory No. 8 reads:

> If you contend that there are acceptable non-infringing alternatives to the subject matter of any claims of the Asserted Patent, describe in detail the complete basis for your contention, including why you contend the alleged alternative is acceptable, when the alleged alternative was available, and why it does not infringe any claim of the Asserted Patent.

Ex. 4 at 8 [Repeat Precision's First Set of Interrogatories].

On September 30, 2022, Dyna supplemented its response to this interrogatory and listed the third-party alternatives discussed in Section IV.B below. Dyna's Second Supp. Ex. 5 at 12-13 [Dyna's Supplemental Response]. However, it failed to discuss any of the HypoSets. ██████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████████ The statement is too vague to serve as a meaningful disclosure. *See Image Processing Techs., LLC v. Samsung Elecs. Co.*, 2020 WL 2499810, at *3 (E.D. Tex. May 14, 2020) (striking an expert's testimony about non-infringing alternatives "not name[d]" during fact discovery). ███████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████.

Dyna disclosed these alternatives for the first time in Ms. Johnson rebuttal damages report and Mr. Hughett's rebuttal infringement report on November 29, 2022, more than six months after fact discovery closed on October 12. Order Granting Jnt. Mtn. for Entry of Revised Scheduling Order, 6:21-cv-00104-ADA, Dkt. #53 at 1 (W.D. Tex., Sept. 9, 2022). Because Dyna failed to disclose the HypoSets before the close of fact discovery, it violated Rule 26. *See, e.g.*, *Freeny v. Murphy Oil Corp.*, 2015 WL 11108703, at *1 (E.D. Tex. May 29, 2015), *Ericsson*, 2017 WL 5137401, at *14.

Finally, the discussion regarding the HypoSets needs to be excluded because this violation was not harmless.

<u>Importance of the Evidence</u>. █████████████████████████████ ████████████████████████████████████████████████████

███ In addition, evidence regarding damages models is generally considered less important than, for example, evidence that would lead to a finding of no liability. *See Ericsson*, 2017 WL 5137401, at *13; *Allergan, Inc. v. Teva Pharm. USA, Inc.*, 2017 WL 1512334, at *5 (E.D. Tex. Apr. 27, 2017). This factor, thus, weighs towards excluding the evidence.

Prejudice to Repeat Precision. Second, Repeat Precision was greatly prejudiced by Dyna's lateness. Repeat Precision proceeded through fact discovery without the ability to explore these hypothetical design arounds with the relevant Dyna witnesses. *See Ericsson*, 2017 WL 5137401, at *14. For example, on September 7, 2022, Repeat Precision deposed Thilo Scharf, Mr. Hughett's source of the information on HypoSets. Ex. 8 at 1. Had Repeat Precision been aware of the HypoSets, it could have discovered facts that would have weakened Dyna's position.███

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████ *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009); Ex. 2 at 33-34. This factor too weighs towards excluding the evidence.

Possibility of Continuance. Third, this Court should not grant a continuance because it would delay trial, which is currently set for March 6, 2023. Amended Scheduling Order, 6:21-cv-00104-ADA-DTG, Dkt. #64 at 2 (Dec. 12, 2022). The parties have already completed fact and expert discovery and have around ten weeks until trial during which they have to file responses and replies to these motions, provide pretrial disclosures and objections to them, file pretrial orders and motions in *limine*, and report for pretrial conference. *Id.* There is simply no time to reopen fact and expert discovery to remedy Dyna's failure to comply with its disclosure obligations. Thus, a

continuance at this point would likely render the March 6 trial date infeasible and would "unnecessarily delay trial." *See Ericsson*, 2017 WL 5137401, at *14; *Allergan*, 2017 WL 1512334, at *5.

      <u>Dyna's Explanation</u>. Finally, Dyna has offered no explanation as to why it could not timely disclose the HypoSets. Moreover, as we argue in Section IV.A.2, Dyna also failed to timely share their contentions that claims 1, 10, 18, and 19 are invalid under 35 U.S.C. §§ 103 and 112(a).

      Therefore, the discussion of HypoSets must be excluded because all four factors weigh towards this result.

### 2. Dyna cannot remedy its failure to disclose its invalidity contentions under 35 U.S.C. §§ 112(a) and 103.

      Dyna failed to disclose certain of its invalidity theories. Mr. Hughett argues that claims 1, 10, and 18 are invalid for failure to meet the requirements of 35 U.S.C. § 112(a) because claim elements 1(g), 10(h), and 18(h) recite "a technically inoperable configuration, namely, that the mandrel is adapted for securing to the setting sleeve and the barrel piston is adapted for securing to the packer mandrel." Ex. 9 at 37, 46, 51, 132-33 (challenging claim element 1(g), 10(h), and 18(h)) [Hughett Validity Report].

      In addition, he argues that (1) claim elements 1(a), 10(a), and 18(a) are obvious under § 103 in light of Baker and Owen (Ex. 9 at 75-77, Ex. B at 1-2, 23, 28) and (2) claim elements 1(g), 10(g)-(h), 18(g)-(h) and 19(a) are obvious under § 103 in light of Baker, Owen, and Wood (Ex. 9 at 78, Ex. B at 10-12, 25, 30, 31). None of these theories were timely disclosed to Repeat Precision.

      Repeat Precision's interrogatory No. 5 reads:

> Describe in detail the complete legal and factual basis for your contention that each of the asserted claims of the Asserted Patent is invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, including in your answer for each asserted claim a claim chart that describes in detail, on an element-by-element basis, how each prior art reference or combination of prior art references allegedly discloses each claim element of the asserted claims of the Asserted Patent, any assertion that any of the secondary

considerations of non-obviousness do not weigh in favor of finding the validity of the asserted claims of the Asserted Patent, any assertion that the asserted claims of the Asserted Patent are invalid under § 112, and identify all documents relevant to your contentions.

Ex. 4 at 7 (Dec. 13, 2021).

On September 30, 2022, Dyna supplemented its response to this interrogatory and incorporated by reference its Final Invalidity Contentions dated January 18, 2022. Ex. 5 at 9 (Sept. 30, 2022). However, in those contentions, Dyna did not argue the above-mentioned theories.

§ 112(a) Theories. In the contentions, Dyna only challenged the "wherein one or more flow ports" limitation of claim elements 1(b), 10(b), and 10(e) under § 112(a) and challenged claims 4, 5, and 14 under § 112(d). Ex. 10 at 27-30. Neither did Dyna challenge claim elements 1(g), 10(h), and 18(h) in their preliminary invalidity contentions. Ex. 11 at 26-33.

Dyna's disclosure of their challenge of claims 4, 5, and 14 under § 112(d) is not sufficient to satisfy their obligations. Even if those claims discuss an element of the setting tool related to the one claimed in 1(g), 10(h), and 18(h), this disclosure was not enough. Dyna challenged claims 4, 5, and 14 under § 112(d) as failing to properly narrow claims 1 and 10, not for being technically inoperable under § 112(a). *Compare* Ex. 10 at 29-30, *with* Ex. 9 at 132-33. In addition, Repeat Precision did not have proper notice as to the latter challenge because invalidating the dependent claims 4, 5, and 14 would not affect the validity of claims 1 and 10 (on which they depend) let alone the validity of claim 18 (which has no relationship to these dependent claims).

§ 103 Theories. Dyna also failed to disclose the above-mentioned § 103 challenges in their disclosures. As to claim elements 1(a), 10(a), and 18(a), in their invalidity contentions (both final and preliminary) Dyna argued that those elements are obvious in view of Baker and Covalt, not in view of Baker and Owen. *Compare* Ex. 10 at Ex. A at 1-3, 25, 30; *and* Ex. 11 at Ex. A at 1-3, 25, 30, *with* Ex. 9 at 75-77, Ex. B at 1-2, 23, 28. Similarly, as to claim elements 1(g), 10(g)-(h), 18(g)-

(h), and 19(a), in both of their invalidity contentions Dyna again only argued that those elements are obvious in view of Baker and Covalt, not in view of Baker, Owen and Wood, as Mr. Hughett now contends. *Compare* Ex. 10 at Ex. A at 11-12, 27, 32; *and* Ex. 11 at Ex. A at 11-12, 27, 32, *with* Ex. 9 at 75-77, Ex. B at 1-2, 23, 28. Thus, Dyna violated Rule 26 once again.

Finally, the undisclosed § 112(a) and § 103 theories need to be excluded because these violations were not harmless. *Ericsson*, 2017 WL 5137401, at *13; *Magna Transp.*, 338 F.3d at 402.

Importance of the Evidence. First, these challenges are not central to Dyna's case. Instead, they represent only a few arguments out of the myriad of theories defendants present in their 295-page invalidity report, as summarized in the table below. This factor, thus, weighs towards excluding the evidence.

| Claim(s) | Reference(s) |
|---|---|
| 1-7, 10-15, 18, 19 | Anticipated by Baker |
| 1-3, 5-7, 10-15, 18, 19 | Anticipated by Webb |
| 1-7, 10-15, 18, 19 | Obvious over Baker alone, or in view of Owen or Wood |
| 8, 9, 16, 17, 20 | Obvious over Baker alone, or in view of Owen or Wood, in further view of Carisella, Brico, and/or Conrad |
| 1-7, 10-15, 18, 19 | Obvious over Webb alone, or in view of Baker, Owen, or Wood |
| 8, 9, 16, 17, 20 | Obvious over Webb alone, or in view of Baker, Owen, or Wood, in further view of Carisella, Brico, and/or Conrad |
| 1-7, 10-15, 18, 19 | Obvious over Owen alone, or in view of Baker or Wood |
| 8, 9, 16, 17, 20 | Obvious over Owen alone, or in view of Baker or Wood, in further view of Carisella, Brico, and/or Conrad |
| 1, 10, 18 | Invalid under 35 U.S.C. § 112(a) |
| 5, 14 | Invalid under 35 U.S.C. § 112(d) |

Ex. 9 at 3.

<u>Prejudice to Repeat Precision</u>. Second, Repeat Precision was prejudiced by Dyna's lateness. Repeat Precision proceeded through fact discovery without knowledge of these theories. Instead, it could have dedicated time and resources to developing arguments to respond to these invalidity contentions. Further, the issues regarding section 112(a) should have been addressed at claim construction rather than after the close of fact discovery. This factor too weighs towards excluding the evidence.

<u>Possibility of Continuance</u>. Third, this Court should not grant a continuance because it would delay trial, which is currently set for March 6, 2023. Amended Scheduling Order, 6:21-cv-00104-ADA-DTG, Dkt. #64 at 2 (Dec. 12, 2022). The parties have already completed fact and expert discovery and have around ten weeks until trial during which they have to file responses and replies to these motions, provide pretrial disclosures and objections to them, file pretrial orders and motions in *limine*, and report for pretrial conference. *Id.* There is simply no time to reopen fact and expert discovery to remedy Dyna's failure to comply with its disclosure obligations. Thus, a continuance at this point would likely render the March 6 trial date infeasible and would "unnecessarily delay trial." *See Ericsson*, 2017 WL 5137401, at *14; *Allergan*, 2017 WL 1512334, at *5.

<u>Dyna's Explanation</u>. Finally, Dyna has offered no explanation as to why it did not timely disclose these invalidity theories. Moreover, as we argue in Section IV.A.1, Dyna also failed to timely share its theories regarding the HypoSets. Neither did Dyna obtain leave from this Court to amend its final invalidity contentions to include the omitted §§ 112(a) and 103 theories. Standing Order Governing Proceedings (OGP) 4.2 – Patent Cases, at 14 (Sept. 16, 2022) (leave of Court is required for any amendment to final infringement or invalidity contentions); *see also Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*, 860 F. App'x 728, 734 (Fed. Cir. 2021) ("The local rule

mandates supplementation of infringement contentions and solely submitting an untimely expert report containing such contentions cannot be sufficient. Accordingly, we conclude that the district court did not abuse its discretion in striking Dr. Martin' expert report."); *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, 2013 WL 7937026, at *5 (E.D. Tex. Oct. 11, 2013) (granting Plaintiffs' motion to strike portions of the Defendant's expert report that rely on the untimely disclosed prior art reference and combination and denying Defendant's motion to amend their invalidity contentions).

Therefore, the discussion of the untimely disclosed § 112(a) and § 103 challenges must be excluded because all four factors weigh towards this result.

**B. Mr. Hughett's opinion as to whether third party alternatives were available to Dyna's customers is irrelevant.**

To the extent Ms. Johnson (Dyna's damages expert) is relying on Mr. Hughett's analysis of whether third party alternatives were available to *customers*, this section of Mr. Hughett's report must be stricken for the reasons articulated in the contemporaneously filed motion to strike Ms. Johnson's report. Repeat Precision's Motion to Exclude Improper Damages Opinions and Testimony of DynaEnergetic's Expert Ms. Joanne Johnson, Section IV.A.2.

**C. Dyna failed to carry its burden of showing that the HypoSets were available to it in 2020.**

In addition to the reasons detailed in Section IV.A.1, Mr. Hughett's discussion of the HypoSets needs to be stricken because Dyna failed to demonstrate that they are available to them. As Mr. Hughett explains, because the HypoSets do not currently exist, Dyna will have to test and prototype them. Ex. 1 at 73. "When an alleged alternative is not on the market during the accounting period, a trial court may reasonably infer that it was not available as a non-infringing substitute at that time. The accused infringer then has the burden to overcome this inference by showing that the substitute was available during the accounting period." *Grain Processing Corp.*

*v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999); *see also SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) (applying *Grain Processing* as part of the reasonable royalty analysis); *LaserDynamics*, 2011 WL 197869, at *2 (same).

Dyna has presented little to no admissible evidence to carry its burden. Mr. Hughett's expert testimony is not satisfactory. In his report, he devotes little more than a few sentences to each of the HypoSets. Ex. 1 at 70-75. He does not explain how Dyna would have implemented, tested, designed, and made sure that alternatives were safe for use by customers. *Id.* He does not opine on how long this would have taken. *Id.* Other than a short and conclusory statement—based on a conversation with Mr. Scharf a lay witness and Dyna's employee—that the designs are feasible, Mr. Hughett offers no independent analysis. *Id.*

Neither is Ms. Johnson's report of any aid to Dyna. The conversation with Mr. Scharf, a *lay* witness, is insufficient to make Ms. Johnson's *expert* opinion reliable. In her analysis of the HypoSets, Ms. Johnson's only source is her one-hour interview with Mr. Scharf, a lay witness. Ex. 2 at 85-87; Ex. 3 at 28:14-22. She relies on his opinion to estimate the time and cost for implementing the HypoSets. *Id.* Even though "lay witnesses may sometimes give opinions that require specialized knowledge . . . the witness must draw 'straightforward conclusions from observations informed by his own experience.'" *El-Mezain*, 664 F.3d at 512 (striking testimony of lay witness testifying from experience); FED. R. EVID. 701.

In a similar case, a Michigan district court struck the expert damages testimony. *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, 2019 WL 3334563, at *7 (E.D. Mich. July 25, 2019). In that case, the defendant's director of engineering's discussion with the expert "form[ed] the sole foundation for the expert's testimony on non-infringing alternatives." *Id.* at 6. As in this case, the lay witness's testimony was based on his expertise. *Id.*; Ex. 2 at 85-87; The court struck

the expert witness's testimony because it was "nothing but a mouthpiece for" the lay witness's opinion on the availability of non-infringing alternatives. *Webasto*, 2019 WL 3334563, at *5. And just as in that case, the opinions of Mr. Scharf are too complex to be admissible under Fed. R. Evid. 701. *Id.* at *6; *see also Norman*, 750 F. App'x at 273 (lay witness's testimony on a complex issue of crane design was insufficient to carry the plaintiff's burden of proof). The design of setting tools is no simple undertaking. Ex. 1 at 8 (stating that a person of ordinary skill in the art of designing setting tools requires "Bachelor of Science degree in mechanical or petroleum engineering or a related discipline, and at least two (2) years of industry experience related to designing conventional downhole tools"). Neither does Dyna allege that Ms. Johnson possessed the necessary expert credentials to critically evaluate the veracity of Mr. Scharf's opinion—she is a Certified Public Accountant, not an engineer. Ex. 2 at 1. Therefore, Mr. Hughett's discussion of the HypoSets must be stricken.

Even assuming the experts' relaying of Mr. Scharf's testimony is entitled to any weight, it is not sufficient to carry Dyna's burden. "In determining whether the alternative product is available, the court may consider whether: '(1) the defendant could readily obtain all of the material needed to implement the non-infringing alternative; (2) the non-infringing alternative was well known in the field at the time of infringement; and (3) the defendant had all of the necessary equipment, know-how, and experience to use the non-infringing alternative.'" *LaserDynamics*, 2011 WL 197869, at *3. Neither Ms. Johnson nor Mr. Hughett disclose sufficient details about Mr. Scharf's analysis that led him to the conclusion that Dyna would have been able to implement the HypoSets today, let alone in 2020, at the time the negotiation takes place. Ex. 2 at 85-87; *Grain Processing*, 185 F.3d at 1353-54. In addition, Mr. Scharf's time and cost estimates are conjured from thin air with little justification. Ex. 2 at 85-87. ████████████████████

14

███████████████████████████████████████████████████████████

████████████████████████████ Ex. 1 at 72-74; *see NCS Multistage v. TCO Products*, 6:20-cv-00622-ADA, Dkt. #271, at 1192-96 (Aug. 25, 2022) (Albright, J.) (ruling that a drawing and a prototype in early testing stages conjured by the defendant during litigation was not enough to show that the alternative would have been available as a matter of law at the time of the hypothetical negotiation). Thus, Mr. Scharf's last-minute guesswork at the conclusion of this litigation is not enough for Dyna to carry its burden. *See Astrazeneca AB v. Apotex*, 985 F. Supp. 2d 452, 499 (S.D.N.Y. 2013) (finding non-infringing alternative conceived during litigation insufficient because "it is pure speculation whether any of [Apotex's] various proposals would create a stable, bioequivalent product that was non-infringing. Apotex has never asked one of its many experts to try to create the revised formulation, much less to create and test it."), *aff'd in relevant part*, 782 F.3d 1324 (Fed. Cir. 2015).

Even taken at face value, the time required to implement the HypoSets is too long for this Court to conclude that Dyna proved that the HypoSets would have been available ████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████ Thus, the experts' parroting of Mr. Scharf's lay witness opinions on complex engineering matters are not enough to satisfy Dyna's burden of showing that the HypoSets were available to it in 2020.

### D.  Mr. Hughett should be disqualified as an expert because he does not possess the qualifications of a POSITA.

Dyna did not carry its burden of demonstrating that Mr. Hughett possesses the qualifications of a POSITA, even under Dyna's definition. Thus, Mr. Hughett does not meet the standard of Rule 702. FED. R. EVID. 702; *Sundance*, 550 F.3d at 1361.

Non-infringement and invalidity experts must possess *at least* the qualifications of a POSITA. "[T]o be qualified to offer expert testimony on issues from the vantage point of an ordinarily skilled artisan in a patent case, an expert must at a minimum possess ordinary skill in the art." *Kyocera*, 22 F.4th at 1377; *Sundance*, 550 F.3d at 1364.

Both invalidity and non-infringement are assessed from the point of view of a POSITA. "With regard to invalidity, for example, a witness not qualified in the pertinent art may not testify as an expert as to anticipation, or any of the underlying questions, such as the nature of the claimed invention, what a prior art references discloses, or whether the asserted claims read on the prior art reference." *Id.* "Nor may a witness not qualified in the pertinent art testify as an expert on obviousness, or any of the underlying technical questions, such as the nature of the claimed invention, the scope and content of prior art, the differences between the claimed invention and the prior art, or the motivation of one of ordinary skill in the art to combine these references to achieve the claimed invention." *Id.* Similarly, "issues of infringement . . . are analyzed in great part from the perspective of a person of ordinary skill in the art." *Id.* at 1361 & n.3. Thus, to opine on issues of validity and non-infringement, an expert must possess at least the level of skill of a POSITA.

Lastly, the party presenting the expert bears the burden of demonstrating that he is minimally qualified to "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *Paz*, 555 F.3d at 385.

Mr. Hughett does not possess the qualifications of a POSITA, even under Dyna's own over-inclusive definition. During claim construction, Dyna defined a POSITA as someone with "a Bachelor's of Science degree in mechanical or petroleum engineering or a related discipline and at least two (2) years of industry experience related to designing conventional downhole tools." DynaEnergetic's Opening Claim Construction Brief, 6:21-cv-00104-ADA-DTG, Dkt. #28, at 7 (Oct. 6, 2021). Mr. Hughett adopts that same definition. Ex. 9 at 5; Ex. 1 at 8. However, he does not explain why he clears the POSITA bar. His education is only stated in his resume. Ex. 9 at Ex. A at 1. Mr. Hughett received a "B.S. Engineering" degree. *Id.* Dyna, however, does not state that the degree was in mechanical or petroleum engineering and does not explain whether Mr. Hughett's degree is in a related discipline.

Neither does Mr. Hughett state that he has the necessary two years of experience designing conventional downhole tools. Mr. Hughett does say that he has "worked on downhole tool design for one of the largest oilfield service companies in the world," but he does not share for how long. Ex. 9 at 2. His resume does not provide any clarity either. Although Mr. Hughett has had a long and distinguished career in "completing oil and gas wells," *id.* at 1, that does not qualify him as a POSITA in the relevant field of setting tools. *Kyocera*, 22 F.4th at 1376 (striking an expert with "advanced degrees in engineering and extensive experience in the design and manufacture of fastener driving tools" because he lacked experience designing powered nailers). Because Dyna failed to prove that Mr. Hughett is a POSITA, he may not testify on validity or infringement matters and his reports should be stricken.[1]

---

[1] Dyna similarly failed to show that Mr. Hughett is a POSITA under Repeat Precision's stricter definition. Ex. 12 at 45 ("[A] POSITA must have a Bachelor of Science degree in Mechanical, Aerospace, Aeronautical or Civil Engineering, or Engineering Mechanics . . . [and] at least 5 years' experience in the design of wireline set packers.").

**V.    Conclusion**

The Court should strike and preclude Mr. Hughett from testifying on validity and infringement, either entirely or in part.


Dated: December 21, 2022                    Respectfully submitted,

                                            By:  */s/ Dinis Cheian*
                                                Dinis Cheian (Admitted *pro hac vice*)
                                                New York Bar No. 5958152
                                                dcheian@susmangodfrey.com
                                                SUSMAN GODFREY L.L.P.
                                                1301 Avenue of the Americas, Floor 32
                                                New York City, NY 10019
                                                Telephone: (212) 336-8330
                                                Facsimile: (212)-336-8340

                                                J. Hoke ("Trey") Peacock III
                                                Texas Bar No. 15679380
                                                tpeacock@susmangodfrey.com
                                                Shawn L. Raymond
                                                Texas Bar No. 24009236
                                                sraymond@susmangodfrey.com
                                                Shawn Blackburn (pro hac vice)
                                                Texas Bar No. 24089989
                                                sblackburn@susmangodfrey.com
                                                Krisina J. Zuñiga
                                                Texas Bar No. 24098664
                                                kzuniga@susmangodfrey.com
                                                SUSMAN GODFREY L.L.P.
                                                1000 Louisiana Street, Suite 5100
                                                Houston, TX 77002-5096
                                                Telephone: (713) 651-9366
                                                Facsimile: (713) 654-6666

                                            **ATTORNEYS FOR REPEAT PRECISION**

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2022, the foregoing document was served on all counsel of record via the Court's ECF system and/or via email.

*/s/ Dinis Cheian*
Dinis Cheian