**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| REPEAT PRECISION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:21-cv-104-ADA-DTG |
| | ) | |
| v. | ) | HEARING REQUESTED |
| | ) | |
| DYNAENERGETICS EUROPE GMBH, and | ) | JURY TRIAL DEMANDED |
| DYNAENERGETICS US, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING
SUMMARY JUDGMENT OF NON-INFRINGEMENT
UNDER THE DOCTRINE OF EQUIVALENTS**

DynaEnergetics moved for summary judgment of non-infringement on three grounds: (1) no literal infringement; (2) no indirect infringement; and (3) no infringement under the doctrine of equivalents. *See* Dkt. 73. At the initial pretrial conference held on February 8, 2023, the Court orally denied this Motion. *See* Dkt. 122. Pursuant to Federal Rule of Civil Procedure 54(b), DynaEnergetics respectfully requests that the Court reconsider its denial of DynaEnergetics' motion for summary judgment regarding only the third issue, infringement under the doctrine of equivalents, in light of DynaEnergetics' arguments regarding prosecution history estoppel. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (stating that under Rule 54(b), "the trial court is free to reconsider and reverse [any interlocutory] decision for any reason it deems sufficient"). Importantly, prosecution history estoppel "is a matter to be determined by the court," not the jury, and therefore is particularly amenable to resolution before trial. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1368 (Fed. Cir. 2003). Moreover, as DynaEnergetics noted in its summary judgment briefing, the application of prosecution history

1

estoppel in this Case could not be more straightforward, as the Court has **already** found that the predicates for this estoppel bar are satisfied.

## I.     ARGUMENT

Under the doctrine of prosecution history estoppel, when a patentee adds a new limitation to a claim during prosecution for a reason substantially related to patentability, such as to avoid prior art following a rejection by the examiner, a presumption arises that the patent owner cannot later assert infringement of the amended claim under the doctrine of equivalents. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 735-37 (2002). This presumption can only be rebutted in limited circumstances, and the patentee bears the burden of proving that such special circumstances are present. *Id*. at 737-40. Additionally, prosecution history estoppel should, where possible, be resolved before a patentee's doctrine of equivalents arguments are considered on the merits. *EMD Millipore Corp. v. AllPure Techs., Inc.*, 768 F.3d 1196, 1203 (Fed. Cir. 2014) (describing as "error" a district court's decision to review equivalents rather than find those arguments barred by prosecution history estoppel). This approach makes practical sense because prosecution history is an issue for the court, not the jury; allowing a patentee to present arguments regarding equivalents while an accused infringer cannot explain to the jury the legal impact of prosecution history estoppel both wastes time and engenders jury confusion.

Here, the Court has already recognized that the asserted claims were amended to add the "defined for securing to a firing head" limitation to avoid the prior art following a rejection by the examiner. Dkt. 43 at 12. As initially filed with the U.S. Patent and Trademark Office, the proposed claims did not include this limitation. As a result, the examiner rejected the application as being obvious in light of a prior art reference described by the examiner as "Bostick." Dkt. No. 28-2 at 126-36. Thereafter, the claims were amended to add the "defined for securing to a firing head" limitation resulting in allowance of the claims over Bostick. *Id*. at 106. Then, at claim construction

in this Action, the parties disagreed regarding the impact of the prosecution history on the construction of this limitation. Importantly, in its claim construction ruling, the Court noted that the "defined for securing to a firing head" amendment was not some trivial wordsmithing. Rather, the Court stated that "the prosecution history indicates that the amendments were required, and the claims allowed, because the amendments introduced a further structural limitation for the recited mandrel." Dkt. 43 at 12. The Court also quoted the examiner's conclusion that this new limitation, "in combination with the recited limitations of the claims," sufficiently distinguished the proposed claims from Bostick. *Id*. Thus, the Court has already determined that (1) the asserted claims were amended during prosecution to add the "defined for securing to a firing head" limitation, (2) this limitation narrowed the claims by adding a "further structural limitation," and (3) this amendment was made to avoid the prior art following a rejection by the examiner. In other words, this Court's claim construction decision **establishes** a prima facie prosecution history estoppel bar.

Based on the examiner's statements and the Court's ruling at claim construction, in its motion for summary judgment, DynaEnergetics argued that "any reliance on the doctrine of equivalents to show that the accused product meets the 'defined for securing to a firing head' limitation is prohibited, as that limitation was added during prosecution to obtain allowance." Dkt. 73 at 5, 27. In response, Repeat utterly ignored the impact of prosecution history estoppel, and nevertheless asserted that the limitation could be satisfied through the doctrine of equivalents. Dkt. 90 at 16-17. In its Reply, DynaEnergetics highlighted this omission and further emphasized that Repeat bears the burden of proof in rebutting the presumption that prosecution history estoppel applies. Dkt. 95 at 10 (citing *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 740 (2002)). Thereafter, Repeat requested (and later received) leave from the Court to file a surreply. Dkt. 101. Yet, in that surreply Repeat **still** failed to address the impact of prosecution history

estoppel on the application of the doctrine of equivalents in this Action.  At the hearing on DynaEnergetics' motion for summary judgment, Repeat **<u>again</u>** ignored the implications of prosecution history estoppel, failing to make any attempt to carry its burden of showing it was not barred from asserting equivalents.  Thereafter, the Court orally denied DynaEnergetics' motion for summary judgment, without discussing any of the parties' arguments relating to the doctrine of equivalents or prosecution history estoppel.  Dkt. 122 at 21:8-9.

Due largely to Repeat's refusal to engage with the issues related to prosecution history estoppel, DynaEnergetics respectfully submits that the Court erred in denying its motion regarding infringement under the doctrine of equivalents.  The Court has already ruled that the predicates for prosecution history estoppel are satisfied, shifting the burden to Repeat to prove that prosecution history estoppel does not bar arguments regarding equivalents.  However, Repeat has not even attempted to carry that burden, and summary judgment is therefore warranted.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (noting that summary judgment is appropriate where a party bearing the burden of proof fails to carry that burden).

Addressing this narrow prosecution history estoppel argument prior to trial is doubly important here because Repeat confirmed at the hearing that it intends to argue at trial that the "defined for securing to a firing head limitation" is infringed under the doctrine of equivalents. Specifically, Repeat believes that because the accused DynaEnergetics products are designed to operate with a "tandem seal adapter," which "[Repeat's] expert says … [is] equivalent" to a firing head, that equivalence is "an argument that we may have to have before the jury."  Dkt. 122 at 14:20-15:4.  Repeat apparently plans to argue, as it did in its summary judgment briefing, that anything that can attach to the "threads" of the accused products is equivalent to a "firing head," thereby satisfying the "defined for securing to a firing head" limitation.  Dkt. 90 at 2 ("Mr. Lehr

attached the firing head to the place where Dyna intends its Tandem Seal Adapter ("TSA") to connect."); Dkt. 122 at 13:8-12 (discussing the "threads" on the accused products). But prosecution history estoppel prevents Repeat from trivializing for purposes of infringement a critical limitation added during prosecution to avoid an obviousness rejection. Repeat's arguments at trial therefore must be limited to literal infringement, which requires Repeat to demonstrate that the accused products are "defined for securing to a firing head" in particular, not merely that the threads on the accused products allow for attachment to some other technology, like a tandem seal adapter.

## II.    CONCLUSION

For the foregoing reasons, DynaEnergetics respectfully requests that this Court reconsider its denial of DynaEnergetics' Motion for Summary Judgment regarding the doctrine of equivalents.

Dated: February 22, 2023

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Mark D. Siegmund
Texas Bar No. 24117055
STECKLER WAYNE CHERRY & LOVE, PLLC
8416 Old Mcgregor Road
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689
Email: mark@swclaw.com

Barry J. Herman (*pro hac vice*)
Maryland Federal Bar No. 26061
Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
Jace Williams (*pro hac vice*)
Georgia Bar No. 965608
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Email: Christine.Dupriest@wbd-us.com
Email: Jace.Williams@wbd-us.com

Craig A. Hoovler (*pro hac vice*)
Virginia Bar No. 83987
WOMBLE BOND DICKINSON (US) LLP
2001 K St. NW, Suite 400 South
Washington, DC 20001
Telephone: (202) 857-4464
Email: Craig.Hoovler@wbd-us.com

Lisa J. Moyles (*pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice*)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

*Attorneys for Defendants DynaEnergetics Europe
GmbH and DynaEnergetics US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay